UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quintin M. Littlejohn, | ) | C/A No. 6:06-1343-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| State of South Carolina; | ) | |
| Cherokee County; | ) | |
| Kathy Byerson; and | ) | |
| Harold Crocker, Director of Cherokee | ) | |
| County Detention Center; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, a state pre-trial detainee proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2241. Petitioner filed his petition on May 4, 2006. At the time this petition was filed, Petitioner was being housed at the Cherokee County Detention Center pending trial on charges of assault and battery. Petitioner asserts that the warrant in his case is in conflict with the incident report. He also raises Fourth and Sixth Amendment issues.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate William M. Catoe filed May 25, 2006. Based on his review of the record, the Magistrate Judge concluded that the case be dismissed *without prejudice* on the basis that Federal Courts are not authorized to interfere with a State's ongoing proceedings without a showing of extraordinary circumstances under the doctrine enunciated by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). The Magistrate Judge also opined that respondent Kathy Byerson, the alleged victim in the criminal case

1

pending in state court, is not a proper party to the action.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

Plaintiff filed two documents on June 14, 2006: "Motion to Vacate Judgment" and "Writ of Vi

et Armis".[1] On June 19, 2006, he filed an additional document entitled "Petition for Writ of Vi et Armis".

The Court finds that these filings by the petitioner do not constitute proper objections to the Report and Recommendation. His documents fail to adequately direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[2]

To the extent these documents are viewed as objections to the Report and Recommendation, the Court will attempt to glean the petitioner's argument. He appears to assert that exhaustion of state remedies is not required in a habeas corpus proceeding. This argument lacks merit. See Braden v. 30th Jud. Cir. Ct., 410 U.S. 484 (1973).

After carefully reviewing the Report, documents filed by the petitioner, pleadings, and applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules the petitioner's objection. Therefore, the complaint is **DISMISSED** *without prejudice* and without issuance or service of process.

---

[1] Black's Law Dictionary defines Vi et armis as "with force and arms" and references the law of trespass. Trespass is defined as "an unlawful inference with one's person, property, or rights."

[2] Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

**IT IS SO ORDERED.**

July 6, 2006                                          s/R. Bryan Harwell
                                                      R. Bryan Harwell
                                                      United States District Judge